**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| RENITA CRAWFORD, | ) |
| *Plaintiff*, | ) |
| | ) |
| v. | ) |
| | )   3:24-CV-2059 (OAW) |
| BOARD OF EDUCATION OF THE | ) |
| CITY OF NORWALK, | ) |
| *Defendant*. | ) |
| | ) |
| | ) |
| | ) |

**RULING ON MOTION TO DISMISS**

**THIS ACTION** is before the court upon Defendant's Motion to Dismiss, ECF No. 20 ("Motion").   The court has reviewed` the Motion, Plaintiff's opposition brief, ECF No. 21, Defendant's reply, ECF No. 24, and the record in this matter, and is thoroughly advised in the premises.  After careful review, the Motion hereby is **GRANTED in part** and **DENIED in part.**

Plaintiff is an African American, Black woman who has been working for Defendant since 2018.[1]  In 2020, she was promoted to the position of assistant instructional leader ("AIL"), which is an administrative role.  As an AIL, she was paid substantially less than her male counterparts "who were also working as assistant principals."[2]

In February 2022, Plaintiff was passed over to replace a principal who was taking medical leave.  Apparently despite this, in March 2022, Plaintiff was taken to task for failing to perform the principal's duties during that absence.

---

[1] The facts described herein are taken from the amended complaint, ECF No. 12, and are presumed true for the purpose of this analysis.

[2] It is not clear what this means.  It does not appear that Plaintiff herself was working as an assistant principal, so the court infers that these male counterparts were AILs who had the additional role of assistant principal.

1

In March 2022, Defendant also demoted Plaintiff back to a teacher and attempted to refuse to renew her contract by claiming she was a probationary employee (which non-renewal later was rescinded as Plaintiff was not a probationary employee). She contends the demotion was discriminatory because Plaintiff is Black, and retaliatory because Plaintiff opposed Defendant's wage discrimination.[3] A white employee replaced Plaintiff as AIL.

Plaintiff grieved the demotion through her union. While that grievance was proceeding to a hearing, Defendant and the union separately entered into a memorandum of understanding ("MOU") that eliminated the AIL position entirely. Plaintiff contends the union lawyer described the MOU as "pretextual." Plaintiff asserts that the elimination of the AIL position was designed to prevent Plaintiff from being promoted to assistant principal.[4] The MOU required the two incumbent AILs to apply and interview for assistant principal positions, while other positions eliminated in the MOU were moved to assistant principal positions automatically (although those other positions had less responsibility than the AIL role). But the only other AIL, a man, was promoted to assistant principal without interviewing for the position.

Further, one of Defendant's Deputy Superintendents treated Plaintiff less favorably than her white co-workers, and even once told Plaintiff that he expected more of her as an African American.

Plaintiff first grieved Defendant's treatment of her with the Connecticut Commission on Human Rights and Opportunities ("CHRO"). The CHRO conducted an

---

[3] Though not clearly stated, the court presumes this refers to the disparity in pay for AILs.
[4] Plaintiff also alleges, though, that before her demotion she was appointed to the Professional Development and Evaluation Committee "as an assistant principal."

investigation and dismissed the complaint on the merits, finding no reasonable cause to believe that any discriminatory act was committed against Plaintiff.   Plaintiff then timely filed this suit, alleging violations of Title VII of the Civil Rights Act of 1964; 42 U.S.C. § 1983 (both discrimination and retaliation);[5] and the Equal Pay Act ("EPA").   She claims she was discriminated against on the basis of her race, color, and gender.   Defendant moves to dismiss all claims under Federal Rule of Civil Procedure 12(b)(6).

"Dismissal under Fed.R.Civ.P. 12(b)(6) is appropriate when a defendant raises claim preclusion . . . as an affirmative defense and it is clear from the face of the complaint, and matters of which the court may take judicial notice, that the plaintiff's claims are barred as a matter of law."   *Conopco, Inc. v. Roll Int'l*, 231 F.3d 82, 86 (2d Cir. 2000).   Further, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"   *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).   When reviewing a 12(b)(6) motion to dismiss, the court must draw all reasonable inferences in the non-movant's favor.  *Roth v. Jennings*, 489 F.3d 499, 503 (2d Cir. 2007).

Defendant first makes the argument that the claims under Title VII and §§ 1981 and 1983 must be dismissed because the CHRO proceedings should be given preclusive effect.   Though Defendant concedes with respect to the Title VII claim, precedential authority entitled Plaintiff to judicial review of the CHRO's determination, it contends that the mere *availability* of judicial review is adequate for preclusion doctrine to attach.

---

[5] Plaintiff claims that Defendant has deprived her of her right to make and enforce contracts, as set forth in 42 U.S.C. § 1981, but such a claim is made actionable through § 1983.  Accordingly, the court will refer to these claims as proceeding under § 1983 alone.  *See Jett v. Dallas Indep. Sch. Dist*., 491 U.S. 701, 733 (1989) ("[T]he express cause of action for damages created by § 1983 constitutes the exclusive federal remedy for violation of the rights guaranteed in § 1981 by state governmental units . . . ."); *see also Salu v. Miranda*, 830 F. App'x 341, 348 (2d Cir. 2020) (construing a § 1981 claim as a § 1983 claim).

3

The court disagrees as to the Title VII claim.  It is well settled that unreviewed state agency determinations do not have preclusive effect on subsequent proceedings. *Howard v. Connecticut Dep't of Transportation*, No. 3:14-CV-947 (RNC), 2015 WL 5797013, at *2 (D. Conn. Sept. 30, 2015) ("It is thus well established that an unreviewed state administrative determination does not preclude de novo federal court consideration of a Title VII claim.")).   The Supreme Court of the United States has found that administrative actions do not have preclusive effect on Title VII claims, even, as Plaintiff points out, in cases where the claimant had the option to appeal to a state court.  *See, e.g., Univ. of Tennessee v. Elliott*, 478 U.S. 788, 795 (1986).  And the Supreme Court also has observed in dicta that "[n]o provision of Title VII requires claimants to pursue in state court an unfavorable state administrative action . . . ."  *Kremer v. Chem. Const. Corp.*, 456 U.S. 461, 469 (1982).  Thus, the court finds that the Title VII claim is not precluded by the CHRO proceedings.

As to the § 1983 claims, under federal common law, "when a state agency 'acting in a judicial capacity . . . resolves disputed issues of fact properly before it which the parties have had an adequate opportunity to litigate,' federal courts must give the agency's factfinding the same preclusive effect to which it would be entitled in the State's courts." *Elliott*, 478 U.S. at 799 (quoting United States v. Utah Construction & Mining Co., 384 U.S. 394, 422 (1966).  Connecticut appellate courts have held that "a party who fails to appeal from an agency decision may not use a different action as a substitute for that appeal 'to achieve a de novo determination of a matter upon which they failed to take a timely appeal.'" *Peck v. Statewide Grievance Comm.*, 198 Conn. App. 233, 248 (2020)

(quoting *Honis v. Cohen*, 18 Conn. App. 80, 84 (1989)); *accord Off. of Chief Disciplinary Couns. v. Vaccaro,* 353 Conn. 793, 820 (2025).

The court finds this to be binding authority preventing Plaintiff from making any § 1983 claims predicated upon the same conduct that was presented to the CHRO.  Plaintiff argues, though, that her complaint presents broader claims than were presented to the state agency.

The claim the CHRO investigated was that Defendant "discriminated and retaliated against [Plaintiff], demoted her and threatened her with termination on the basis of her race . . . and previous opposition to discrimination."  ECF No. 20-1 at 85.  In her amended complaint, Plaintiff's § 1983 claims for discrimination and retaliation are predicated upon her demotion, the attempt to fire her, the elimination of the AIL position, the failure to reappoint her to an administrative position, and the refusal to promote her to assistant principal.  Clearly, the CHRO already has made factual findings with respect to the § 1983 claims insofar as they are predicated upon Plaintiff's demotion and the attempt to terminate her employment.  The Motion therefore is granted with respect to those theories of the claims.  But the remaining three theories may proceed.

With respect to the EPA claims, Plaintiff alleges that (1) she was paid less in the role of assistant instructional leader than her male counterparts and was demoted for her opposition to the pay disparity; and (2) she was paid less during the 2024-2025 school year than a man with the same title and job responsibilities and similar qualifications. Defendant asserts that the MOU itself, which Plaintiff appended to her operative pleading, shows that a woman also was paid more than Plaintiff was.[6]  But, as Plaintiff points out

---

[6] In its reply brief, Defendant also argues that the MOU shows that Plaintiff's pay was based upon a factor other than sex.  In the first instance, though, Defendant may not make new arguments not previously

(and which Defendant does not dispute), it is not necessary for an EPA claimant to show that *no* women were favored similarly to men.  Connecticut v. Teal, 457 U.S. 440, 455, 102 S. Ct. 2525, 2535, 73 L. Ed. 2d 130 (1982) ("[C]ongress never intended to give an employer license to discriminate against some employees on the basis of race or sex merely because he favorably treats other members of the employees' group.") (relying in part on *City of Los Angeles, Dep't of Water & Power v. Manhart*, 435 U.S. 702, 711 (1978), which dealt with individuals' rights under the EPA).

Therefore, the Motion is denied as to the EPA claims.

Accordingly, it is **ORDERED AND ADJUDGED as follows:**

1. Defendant's Motion to Dismiss, ECF No. 20, is **DENIED in part and is GRANTED in part.**

   a. The Motion is granted with respect to Counts Two and Three, for discrimination and retaliation under 42 U.S.C. § 1983, respectively, only insofar as those claims are predicated upon Plaintiff's demotion and the attempt to terminate her.

   b. The Motion to Dismiss is denied as to all other claims.

2. Given this disposition, the court also grants Plaintiff's motion to modify the litigation schedule, *see* ECF No. 25, as follows Defendant shall answer the amended complaint on or before **April 27, 2026**.

---

raised in a reply brief.  But also, this argument presents a question of fact that is more appropriately addressed in a motion for summary judgment.  *See Isbell v. City of New York*, 316 F. Supp. 3d 571, 589 (S.D.N.Y. 2018) (declining to address at the dismissal phase whether a collective bargaining agreement is a basis other than sex for payment disparities).  For both these reasons, the court will not discuss this argument herein.

    a.  All discovery shall be completed on or before **December 1, 2026,** and the parties are instructed to confer and set their own interim discovery deadlines, which deadlines may be amended by mutual agreement of the parties without the court's approval, provided they do not affect the deadline for completion of all discovery.

    b.  Dispositive motions shall be filed on or before **February 1, 2027.**

    c.  The parties' joint trial memorandum shall be filed on or before **April 1, 2027,** if there is no dispositive motion filed, or within the timeframe set by the court in its ruling disposing of any dispositive motions that are filed.

3.  Finally, given the age and substance of the claims in this case, the court hereby refers this action to a United States Magistrate Judge for settlement discussions.  The Clerk of Court is asked to please assign a Magistrate Judge for this purpose.

**IT IS SO ORDERED** at Hartford, Connecticut, this 6th day of April, 2026.

_____/s/_____
OMAR A. WILLIAMS
UNITED STATES DISTRICT JUDGE